## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LORI A. CARDINALE,

                **Plaintiff,**                    **Case No.: 8:06-CV-1295-T-27MSS**

**vs.**

**SOUTHERN HOMES OF POLK COUNTY, INC.,**
**a Florida Corporation and**
**EDWARD H. LADERER, JR.,**

                **Defendants.**

_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Response and Opposition to Defendants'

Memorandum of Law in Support of Bill of Costs (Dkt. 120), which the Court construes as Plaintiff's

Motion for Review of Taxation of Costs Pursuant to Fed. R. Civ. P. 54(d)(1).[1] Upon consideration,

Plaintiff's motion is GRANTED.

      Federal Rule of Civil Procedure 54(d)(1) establishes a presumption that costs are awardable

to the prevailing party. *Chapman v. AI Transport*, 229 F.3d 1012, 1038 (11th Cir. 2000). However,

a court may only tax costs that are authorized by statute. *United States Equal Employment*

*Opportunity Comm'n v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000). Additionally, the costs

---

[1]Fed. R. Civ. P. 54(d)(1) provides:

Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 1 day's notice. On motion served within the next 5 days, the court may review the clerk's action.

must have been incurred for services that were necessarily obtained for use in the case. *Id.* at 621. Although it is within the district court's discretion to deny a full award of costs to the prevailing party, the court "must have and state a sound reason for doing so." *Chapman*, 229 F.3d at 1039.

Defendants initially submitted a proposed bill of costs totaling $15,037.10 (Dkt. 116). In accordance with Defendants' proposed bill of costs, the Clerk taxed costs against Plaintiff in the amount of $15,037.10, to which Plaintiff has objected. (Dkts. 119, 120). In response to Plaintiff's objections, Defendants have conceded that several categories of costs originally included in their proposed bill of costs are not taxable and have submitted a revised bill of costs omitting non-taxable items. (Dkt. 122, Ex. A). As revised, Defendants seek an award of costs totaling $11,682.65, which includes their costs for removal of the case from state court to federal court ($350.00), subpoena service ($140.00) and court reporter fees ($11,192.65). Plaintiff agrees that the $350.00 removal fee is taxable. (Dkt. 120, p. 13). Plaintiff also agrees that Defendants may recover $140.00 for service of subpoenas to four witnesses at $35.00 each. (Dkt. 120, p. 13).[2]

With regard to court reporter fees, Defendants concede that costs for expediting transcripts, e-transcripts, postage and handling, condensed transcripts, transcript exhibits, ASCII formatting, digitizing and synchronizing video depositions and deposition appearance fees are not taxable. (Dkt. 122, p. 2). Defendants now seek to recover costs for only the following items: (1) the original transcripts of Plaintiff's deposition ($1,668.00), (2) copies of deposition transcripts of witnesses called by Plaintiff ($8,169.90), and (3) costs associated with videotaping Plaintiff's deposition ($1,354.75).

---

[2]Defendants were charged $70 each for service of two of the four subpoenas, but these charges included rush fees which Defendants now concede are not taxable. (Dkt. 122, p. 3).

Plaintiff does not object to the taxation of costs for original transcripts of her deposition or copies of deposition transcripts of witnesses called by her. (Dkt. 120, pp. 6-9). Plaintiff's objection is limited to the costs of expediting the transcripts, condensed and ASCII transcripts, and copies of exhibits, which Defendants have conceded are non-taxable and have eliminated.[3]

The sole remaining area of disagreement concerns the cost of videotaping Plaintiff's deposition ($1354.75), which Plaintiff contends is not taxable. However, [w]hen a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time . . ., it is appropriate under [28 U.S.C.] § 1920 to award the cost of conducting the deposition in the manner noticed. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996). Defendants noticed Plaintiff's deposition as a video deposition. The notice states that the examination will be taken "before an associate or deputy court reporter and videographer." (Dkt. 122, Ex. B). Defendants contend that the video deposition was necessarily obtained for use in the case because Plaintiff was the primary witness in support of her case and in order to examine her emotional reaction to various issues in preparation for trial. (Dkt. 122, pp. 2-3). Plaintiff does not contend that she objected to the videotaping of her deposition. Therefore, the cost of videotaping Plaintiff's deposition is recoverable. Accordingly, it is

**ORDERED AND ADJUDGED** that

1)      Plaintiff's Motion for Review of Taxation of Costs Pursuant to Fed. R. Civ. P.

---

[3]Plaintiff also contends that Defendants' court reporter fees cannot be recovered because the invoices do not differentiate taxable costs from non-taxable costs. (Dkt. 122, pp. 8-10). However, Defendants have submitted supplemental invoices which provide a breakdown of charges for original transcripts, transcript copies, e-transcripts, condensed transcripts, ASCII transcripts, exhibit copies and appearance fees. (Dkt. 121, Ex. B). The invoice for Plaintiff's deposition does not break down the cost of expediting the transcripts, however, Defendants aver that they were charged $8.00 per page for the expedited original transcripts as opposed to $4.00 per page for non-expedited transcripts and have reduced the amount they seek to recover accordingly. (Dkt. 121, Ex. A).

54(d)(1) (Dkt. 120) is **GRANTED**.  The clerk's taxation of costs (Dkt. 119) is vacated.

2)      Costs are taxed against Plaintiff in the amount of $11,682.00.

**DONE AND ORDERED** in chambers this ___27ᵗʰ___ day of May, 2008.


**JAMES D. WHITTEMORE**
**United States District Judge**


Copies to:
Counsel of Record

4